Christina T. Tellado (SBN 298597)
Deisy Castro (SBN 311816)
HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Telephone: 213.896.2400
Fax No.: 213.896.2450
Email:christina.tellado@hklaw.com
        deisy.castro@hklaw.com

Attorneys for Defendant
BLOMMER CHOCOLATE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON THEADORE, individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br>   v.<br><br>BLOMMER CHOCOLATE COMPANY; and DOES 1 through 20 inclusive,<br><br>         Defendants. | Case No. _____<br><br>**DEFENDANT BLOMMER CHOCOLATE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>[Removal of Alameda County Superior Court Case No. RG21089219] |

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

1  **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF**
2  **JON THEADORE AND HIS ATTORNEYS OF RECORD:**

3      **PLEASE TAKE NOTICE** that Defendant Blommer Chocolate Company[1]
4  (hereinafter, "Blommer" or "Defendant") hereby removes the action styled *Theadore*
5  *v. Blommer Chocolate Company, et al.*, Case No. RG21089219, now pending in the
6  Superior Court for the State of California in and for the County of Alameda (hereinafter
7  the "State Court Action"), to the United States District Court for the Northern District
8  of California.  Blommer removes this action pursuant to 28 U.S.C. §§ 1332 (the Class
9  Action Fairness Act of 2005, hereinafter "CAFA"), 1441 and 1446 on the following
10 grounds:

## STATEMENT OF JURISDICTION

11
12      1.    This Court has jurisdiction over this action under CAFA, which amended
13 28 U.S.C. § 1332 to provide that a putative class action is removable to federal court if
14 the proposed class consists of at least 100 members, the amount in controversy exceeds
15 $5,000,000, exclusive of interest and costs, and one member of the proposed class is a
16 citizen of a state different from that of one defendant.  *See* 28 U.S.C. § 1332(d).  CAFA
17 authorizes removal of such actions pursuant to 28 U.S.C. § 1446.  As demonstrated
18 below, this action meets all of CAFA's removal requirements and is timely and
19 properly removed by the filing of this Notice.

## PROCEDURAL BACKGROUND

20
21      2.    On February 16, 2021, Plaintiff Jon Theadore ("Plaintiff") filed a Class
22 Action Complaint (the "Complaint") against Blommer in the State Court Action.  True
23 and correct copies of the Summons, Complaint, and related Court documents received
24 by Blommer are attached to this Notice as "Exhibit A."  (Declaration of Deisy Castro
25 ("Castro Decl."), ¶ 2, Exhibit A.)

26
27      [1] In filing this Notice of Removal, Blommer makes no admission that it is in any way a
28 proper party to this action.

- 1 -
DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

3. On March 11, 2021, Plaintiff sent Blommer a Notice of Acknowledgment of Receipt—Civil, Form POS-015, in order to initiate mail service of the Summons and Complaint on Blommer pursuant to Cal. Civ. Proc. Code § 415.30(c). Blommer signed and returned the Notice of Acknowledgement of Receipt—Civil on March 31, 2021, thereby effectuating actual service of the Summons and Complaint. A true and correct copy of the executed Notice of Acknowledgment of Receipt—Civil is attached in this Notice as "Exhibit B." Exhibits A and B constitute all process, pleadings, and orders received to date by Blommer in the State Court Action. (Castro Decl., ¶ 3, Exhibit B.)

4. On April 29, 2021, Blommer filed and served its Answer to Plaintiff's Complaint in the State Court Action. A true and correct copy of the Answer is attached to this Notice as "Exhibit C." (Castro Decl., ¶ 4, Exhibit C.)

## VENUE

5. Venue lies in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 84(c)(3), 1441, and 1146(a). This action was originally brought in the Superior Court for the State of California in and for the County of Alameda, which is located within the geographic boundaries of the Northern District of California. Venue is proper with this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## TIMELINESS OF REMOVAL

6. Pursuant to 28 U.S.C. § 1446(b), the removal is timely because Blommer is filing this removal petition within thirty (30) days following the day (*i.e.*, March 31, 2021) that Blommer was served copies of the Summons and Complaint in the State Court Action.

7. Blommer is the only non-fictitious defendant served with the Summons and Complaint.

8. Pursuant to CAFA, defendants may each unilaterally move for removal of the State Court Action without consent of any other defendant. *See* 28 U.S.C. §

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

1453(b) (a class action may be removed by any defendant without the consent of all the defendants).

## JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

9.      Section 4 of CAFA sets forth the general rule that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which … any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

10.     Section 4 of CAFA further states that the jurisdictional rule set forth in 28 U.S.C. §1332(d)(2) applies only to a class action in which the number of members of all proposed plaintiff classes, in the aggregate, is 100 or more. 28 U.S.C. § 1332(d)(5).

11.     This Court has jurisdiction over this action pursuant to CAFA, 28 U.S.C. § 1332(d), and this action may be removed by Blommer pursuant to the provisions of 28 U.S.C. § 1441(a), because the proposed plaintiff class consists of at least 100 members, the total amount in controversy exceeds $5,000,000, and there is diversity between at least one proposed class member and one defendant.

12.     As previously noted, venue is proper in this Court pursuant to 28 U.S.C. § 84(c) and 1441(a).

13.     Blommer is the only named defendant, and only defendant, that has been served in this matter.  Therefore, all defendants who have been served join in this removal.  Moreover, pursuant to CAFA, Blommer need not obtain the consent of any other defendant to remove this action.  28 U.S.C. § 1453(b).

14.     Plaintiff brings this action on behalf of himself and all others similarly situated as a class action.  (Compl., ¶ 17.)  Plaintiff seeks to represent the following class of employees in this action:

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

> All California citizens currently and formerly employed as non-exempt employees by Defendants in the State of California at any time between August 18, 2016 and the date of class certification.

(Compl., ¶ 19.)

**The Purported Class Contains At Least 100 Members**

15.    In the Complaint, Plaintiff alleges that the members of the putative class "are so numerous that joinder of all class members is impractical." (Compl., ¶ 23(a).) Plaintiff further alleges that the putative class is "estimated to be greater than 100 individuals." (*Id.*)

16.    Specifically, Plaintiff alleges that the putative class consists of "[a]ll California citizens currently and formerly employed as non-exempt employees by Defendant[] in the State of California at any time between August 18, 2016 and the date of class certification," ("Putative Class Members") [2]. (Compl., ¶ 19.)

17.    There are no fewer than 313 Putative Class Members who worked in California at some time since August 18, 2016.  (Castro Decl., ¶ 8; Declaration of Kathryn Kull ("Kull Decl."), ¶¶ 3-4.)  Thus, the number of members of the proposed plaintiff classes is in excess of 100 individuals required by CAFA.  *See* 28 U.S.C. § 1332(d)(5).

**There Is Diversity Of Citizenship Between**

**At Least One Proposed Class Member And One Defendant**

18.    The parties are completely diverse in this matter because Plaintiff is a citizen of the State of California and Blommer is a citizen of the States of Delaware

---

[2] Plaintiff's definition of the Putative Class Members includes additional time for which Plaintiff believes the statute of limitations was tolled due to the California Rules of Court Emergency Rule 9.  For removal purposes, Blommer utilizes the alleged tolled statutes of limitations for each claim, as alleged by Plaintiff, but denies Plaintiff and any of the Putative Class Members he seeks to represent are entitled to tolling of any of the claims under California Rules of Court Emergency Rule 9 or for any other reason.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

and Illinois.

19.    **Plaintiff's Citizenship.**    At the time this action was commenced and at the time of removal, Plaintiff was a citizen of the State of California.  (*See* Compl., ¶ 10, wherein Plaintiff asserts that he is "a citizen of California.")  *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise."); *see also Smith v. Simmons*, No. 1:05-CV-01187-022-GS, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (alleged place of residence provides "prima facie" proof of domicile).  Accordingly, Plaintiff is a citizen of the State of California for purposes of removal.

20.    **Blommer's Citizenship.**    Blommer is a citizen of the State of Delaware and the State of Illinois.  Under 28 U.S.C. § 1332(c)(1), corporations "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  Blommer is incorporated in the State of Delaware and its principal office is located in the State of Illinois.  (*See* Donna O'Brien Declaration, ¶ 3.)  Accordingly, Blommer is a citizen of Delaware and Illinois.

21.    **Doe Defendants.**    Plaintiff has also named as defendants Does 1 through 20.  For purposes of removal based on diversity, "the citizenship of defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(b).  *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *see also Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (same).  The existence of the alleged Doe Defendants thus does not impact this Court's removal jurisdiction.  *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006) (rule applied to CAFA removal).

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

1    CAFA's minimum diversity requirement is satisfied here because a Putative Class

2    Member is a citizen of a different state from Defendants.  28 U.S.C. § 1332(d)(2)(A);

3    *see Davis v. Chase Bank U.S.A., N.A.*, 453 F. Supp. 2d 1205, 1208 (C.D. Cal. 2006)

4    (holding that minimal diversity exists where named plaintiff and defendant are citizens

5    of different states).

6    **Alleged Amount In Controversy Exceeds $5,000,000**

7            22.    Under CAFA, the claims of all putative class members are aggregated to

8    determine if the amount in controversy exceeds $5,000,000.  28 U.S.C. § 1332(d)(6).

9    Significantly, Congress intended federal jurisdiction to exist under CAFA "if the value

10   of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff

11   or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*,

12   damages, injunctive relief, or declaratory relief)."  Staff of S. Comm. on the Judiciary,

13   109th Cong., *Rep. on The Class Action Fairness Act of 2005*, 42 (Comm. Print 2005).

14   The Senate Judiciary Committee's Report on the final version of CAFA also makes

15   clear that any doubts regarding the maintenance of interstate class actions in state or

16   federal court should be resolved in favor of federal jurisdiction.  *Id.* at 43 ("Overall,

17   new section 1332(d) is intended to expand substantially Federal court jurisdiction over

18   class actions.  Its provisions should be read broadly, with a strong preference that

19   interstate class actions should be heard in a Federal court if properly removed by any

20   defendant.").

21           23.    When determining the amount that a plaintiff has placed in controversy, a

22   court must "assume that the allegations of the complaint are true and assume that a jury

23   will return a verdict for the plaintiff on all claims made in the complaint."  *Kenneth*

24   *Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal.

25   2002) (internal citations and alterations omitted).  A district court may consider the

26   allegations of the complaint and contents of the removal petition and any supporting

27   evidence in determining whether the jurisdictional amount has been established.  *See*

28   *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

24.    Where a complaint "does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds" the requisite $5,000,000. *See Singer*, 116 F.3d at 376. Here, the Complaint does not specify the amount of damages sought; therefore, Blommer must establish the amount in controversy and other facts necessary to establish removal jurisdiction through its own evidence, including information and documents discovered through its own investigation. *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). Nonetheless, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see* 28 U.S.C. § 1446(a).

25.    This putative class action involves claims alleged under California law and against Blommer for the alleged failure to pay for all hours worked, including minimum wage and overtime; failure to provide paid meal periods or premium compensation in lieu thereof; failure to provide paid rest periods or premium compensation in lieu thereof; waiting time penalties; failure to timely pay wages during employment; failure to provide legally compliant itemized wage statements; and unfair competition. (*See* Compl., ¶¶ 4, 28-33.) Plaintiff's prayer for relief includes, but is not limited to, "compensatory damages," "economic and/or special damages," "reasonable attorneys' fees, costs of suit and interest to the extent permitted by law," "statutory penalties to the extent permitted by law," "restitution," "unpaid compensation," and "pre-judgment interest." (Compl., Prayer For Relief, at pp. 15-16.)

26.    Blommer denies Plaintiff's allegations of misconduct and intends to defend itself vigorously against Plaintiff's causes of action. Nevertheless, and without admitting that Plaintiff and/or any member of the putative class can recover any damages, when one considers the number of Putative Class Members, the number of alleged violations of California law, the relevant claim period embraced by Plaintiff's claims, and the class definitions alleged in the State Court Action, the aggregate

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

- 7 -

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

amount in controversy presented by the case exceeds $5,000,000 for purposes of removal, as explained below.

27.     For purposes of determining the aggregate amount in controversy, all non-exempt employees who worked for Blommer in California from August 18, 2016 and April 28, 2021 (the "Computation Period"), were included.  (Castro Decl., ¶ 6; Kull Decl., ¶¶ 3-4.)  During the Computation Period, there were no fewer than 313 Putative Class Members  (Castro Decl., ¶ 8)  These Putative Class Members worked a total of 30,527 workweeks during the Computation Period.  (*Id.*, ¶ 9)  The hourly rates of pay received by the Putative Class during the Computation Period varied and range from $13.50 to $45.90.  (*Id.*, ¶ 10)  The Putative Class Members were regularly scheduled to work between 8 hours and 11.75 hours per shift, which was approximately 10.6 hours worked each work day when averaged across the total Putative Class Members. (*Id.,* ¶ 11.)  The calculations below are based on the actual hourly rates at which the Putative Class Members were paid during the Computation Period.  (*Id.*, ¶ 12.)

28.     **<u>Rest Period Violations Claim.</u>**  Plaintiff alleges that Blommer failed to provide legally compliant rest periods or compensation in lieu thereof.  (*See* Compl., ¶¶ 3-4, 61-64.)  Specifically, Plaintiff alleges that Blommer "engaged in a systematic pattern of wage and hour violations," including by "[f]ailing to authorize or permit rest breaks or provide compensation in lieu thereof."  (*Id.*, ¶¶ 3-4.)  Plaintiff further alleges that "Plaintiff and [the Putative Class Members] did not receive a ten (10) minute rest period for every four (4) hours or major fraction thereof worked" and that Blommer "failed to pay Plaintiff and [the Putative Class Members] an additional hour of pay for each day a rest period was not provided."  (*Id.*, ¶¶ 61-62.)

29.     In California, employees are entitled to one hour of "premium pay" for each day during which a rest period violation occurs.  Cal. Lab. Code § 226.7(c). Specifically, pursuant to California Labor Code, "[i]f an employer fails to provide an employee a … rest … period in accordance with state law…, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation

- 8 -

for each workday that the … rest … period is not provided." *Id.* A four-year statute of limitations arguably applies to rest period claims under the law. (Compl., ¶¶ 80-82); *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1114 (2007); *see also* Cal. Bus. & Prof. Code § 17208.

30.    The appropriate measure of CAFA's jurisdictional amount in controversy is "the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint." *Jackson v. American Bankers Inc. Co. of Florida*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994)). The amount in controversy is not determined by "the low end of an open-ended claim," but by "a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993); *see also Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977).

31.    Accordingly, Plaintiff's allegation that "Plaintiff and [the Putative Class Members] did not receive a ten (10) minute rest period for every four (4) hours or major fraction thereof worked" and that Blommer "failed to pay Plaintiff and [the Putative Class Members] an additional hour of pay for each day a rest period was not provided" suggest that a reasonable interpretation of his claim is that rest period violations occurred each and every workday during the relevant claim period. (Compl., ¶¶ 61-62.) *See Franke v. Anderson Merch. LLC*, No. CV 17-3241 DSF (AFMx), 2017 WL 3224656, at *3 (C.D. Cal. July 28, 2017) (noting that plaintiff's "allegations explicitly describe a uniform practice, and fail to include any modifying language to suggest less than uniform practice" and, thus, defendant "would be justified in using a 100% violation rate"). This reasonable interpretation of Plaintiff's claim is further supported by Plaintiff's allegation that "Blommer's policy and practice of requiring … employees to don and doff protective equipment" resulted in "employees [being] forced to take short rest breaks or discouraged from taking rest breaks," as contained in Plaintiff's February 12, 2021 letter to Blommer and the California Labor and Workforce

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

- 9 -

Development Agency, and which explicitly incorporated a copy of the Complaint.[3]
(*See* Castro Decl., ¶ 5, Exhibit D.)  Nonetheless, Blommer can establish the requisite
amount in controversy through **a much more** conservative interpretation of Plaintiff's
claim, which assumes one, single rest period violation per workweek during the
Computation Period.  (Castro Decl., ¶ 13, Exhibit E.)

32.  As previously stated, there were at least 30,527 workweeks worked by
313 Putative Class members from August 18, 2016 through April 28, 2021.  Therefore,
under a conservative interpretation of Plaintiff's theory of recovery, Blommer could be
liable for **$725,766** under Labor Code § 226.7, based on one missed rest period per
week for each of the 313 Putative Class Members, at their respective hourly rates, for
the Computation Period.  (Castro Decl., ¶ 13, Exhibit E)

33.  **Meal Period Violations Claim.**  Plaintiff also alleges that Blommer
failed to provide legally compliant meal periods or compensation in lieu thereof.
(Compl., ¶¶ 3-4, 54-57.)  Specifically, Plaintiff alleges that Blommer "engaged in a
systematic pattern of wage and hour violations," including by "[f]ailing to provide meal
periods or compensation in lieu thereof."  (*Id.*, ¶¶ 3-4.)  Plaintiff contends that "Plaintiff
and [the Putative Class Members] did not receive compliant meal periods for each five
hours worked per day" and that Blommer "fail[ed] to pay Plaintiff and [the Putative
Class Members] an additional hour of pay each day a meal period was not provided."
(*Id.*, ¶ 57.)

34.  In California, employees are entitled to one hour of "premium pay" for
each day during which a meal period violation occurs.  Cal. Lab. Code § 226.7(c).
Specifically, pursuant to California Labor Code, "[i]f an employer fails to provide an

---

[3] Blommer submits Plaintiff's February 12, 2021 letter for the limited purpose of calculating the amount in controversy, not to establish the removal deadline.  *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885-86 (9th Cir. 2010) (holing that "a pre-complaint document containing a jurisdictional clue" is not relevant for purposes of calculating the timeliness of removal under Section 1446).

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

employee a meal … period in accordance with state law…, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal … period is not provided." *Id.*  A four-year statute of limitations arguably applies to rest period claims enforced under the California Unfair Competition law, and Plaintiff has alleged rest period claims under that law.  (Compl., ¶¶ 80-82.); *see also* Cal. Bus. & Prof. Code § 17208.

35.    Based on Plaintiff's allegation that "Plaintiff and [the Putative Class Members] did not receive compliant meal periods for each five hours worked per day" and that Blommer "fail[ed] to pay Plaintiff and [the Putative Class Members] an additional hour of pay each day a meal period was not provided"  suggest that a reasonable interpretation of her claim is that meal period violations occurred each and every workday during the relevant claim period.  (Compl., ¶¶ 54, 57.)  *See Franke*, 2017 WL 3224656, at *3 (noting that plaintiff's "allegations explicitly describe a uniform practice, and fail to include any modifying language to suggest less than uniform practice" and, thus, defendant "would be justified in using a 100% violation rate").  This reasonable interpretation of Plaintiff's claim is further supported by Plaintiff's allegation that the meal period violations allegedly resulted from Blommer requiring employees "to don and doff protective equipment while off-the-clock, discouraging the taking of meal periods and shortening the time allocated for meal periods because part of the time was spent under [Blommer's] control donning and doffing off-the-clock," as contained in Plaintiff's February 12, 2021 letter. (*See* Castro Decl., ¶ 5, Exhibit D.)  Nonetheless, Blommer can establish the requisite amount in controversy through a **much more** conservative interpretation of Plaintiff's claim, which assumes a single rest period violation for every workweek during the Computation Period.  (Castro Decl., ¶ 14, Exhibit E.)

36.    Similar to Plaintiff's rest period violations claims, there were at least 30,527 workweeks worked by 313 Putative Class Members from August 18, 2016 through April 28, 2021.  Therefore, under a conservative interpretation of Plaintiff's

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

- 11 -

theory of recovery, Blommer could be liable for **$725,766** under Labor Code § 226.7, based on one, single missed meal period per workweek for each of the 313 Putative Class Members at their respective hourly rates of pay during the Computation Period. (Castro Decl., ¶ 14, Exhibit E)

37.    **Unpaid Overtime Claim.**  Plaintiff also alleges that Blommer failed to pay their non-exempt California employees for all overtime hours worked.  (Compl., ¶¶ 3, 44-45.)  Specifically,  Plaintiff alleges that Blommer "engaged in a systematic pattern of wage and hour violations," including "fail[ing] to pay Plaintiff and [the Putative] Class Members overtime wages for all overtime hours worked when Plaintiff and Class Members worked in excess of eight (8) hours in a day, forty (40) hours in a week and/or for a seventh consecutive day of work in a workweek, or when Plaintiff and [the Putative] Class Members worked excess of twelve (12) hours in a day and/or in excess of eight (8) hours on the seventh day of work in a work week." (*Id.*, ¶¶ 3, 45.)

38.    In California, employees are entitled to overtime pay for all hours worked in excess of eight hours in one day, and in excess of 40 hours in one workweek.  Cal. Lab. Code § 510(a).  Specifically, pursuant to California Labor Code, "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek… shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." *Id.*  A four-year statute of limitations arguably applies to unpaid overtime claims enforced under the California Unfair Competition Law, and Plaintiff has alleged unpaid overtime claims under that law.  (Compl., ¶¶ 80-82.); *see also* Cal. Bus. & Prof. Code § 17208.

39.    According to Plaintiff's February 12, 2021 letter, Plaintiff's claim that Blommer's non-exempt California employees were denied "overtime wages for all overtime hours worked" is allegedly the result of "Blommer's policy and practice of requiring [its employees] to don and doff protective equipment while off-the-clock, both before clocking in and clocking out."  (Compl., ¶ 45; Castro Decl., ¶ 5, Exhibit

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

D.)  Plaintiff further alleges that, "[d]uring this time, employees were under Blommer's control but were not being paid for this time Blommer required them to spend donning and doffing the equipment."  (Castro Decl.,¶ 5, Exhibit D.)  Given the time spent each day allegedly donning and doffing equipment, before clocking in and after clocking out, a conservative interpretation of his claim is that the Putative Class Members were not compensated for at least one hour of overtime per workweek (12-20 minutes per shift) during the Computation Period.

40.    There were at least 30,527 workweeks worked by 313 Putative Class Members from August 18, 2016 through April 28, 2021.   Therefore, under a conservative interpretation of Plaintiff's theory of recovery, Blommer could be liable for **$1,088,649** in unpaid wages under Labor Code § 510, based on one hour of unpaid overtime per week for each of the 313 Putative Class Members calculated at one and one-half times their respective hourly rates of pay for the Computation Period.  (Castro Decl., ¶ 15, Exhibit E)

41.    **<u>Waiting Time Penalties.</u>**  Plaintiff also alleges that Blommer failed to timely pay its non-exempt former California employees all wages owed to them at the time of their discharge or resignation.  (Compl., ¶¶ 3-4, 74-77.)   Specifically, Plaintiff alleges that Blommer "engaged in a systemic pattern of wage and hour violations," including by "[f]ailing to pay all wages due upon separation of employment."  (*Id.*, ¶ 3-4.)  Plaintiff further alleges that Blommer "willfully" failed to Plaintiff, and the other former employees he seeks to represent, "all their earned wages upon termination including but not limited to, proper minimum wages and overtime compensation, either at the time of discharge or within seventy-two (72) hours of their leaving [Blommer's] employ."  (*Id.*, ¶ 74.)  According to Plaintiff, he and all Putative Class Members "who separated their employment from [Blommer] at any time between August 18, 2017 and the date of class certification" "are entitled to recover from [Blommer] the statutory penalty."  (*Id.*, ¶¶ 20, 77.)

42.     In California, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately," while an employee who quits is entitled to such earned and unpaid wages within seventy-two (72) hours of his or her resignation.  Cal. Lab. Code §§ 201(a), 202(a).  Moreover, if an employer "willfully fails to pay," in accordance with the aforementioned California Labor Code requirements, "any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."  Cal. Lab. Code § 203(a).  A three-year statute of limitations applies to such waiting time penalties claims.  *See Pineda v. Bank of Am. N.A.*, 50 Cal. 4th 1389, 1404 (2010).

43.     Based on Plaintiff's allegation that Blommer "willfully" failed to pay Plaintiff, and the other Putative Class Members, "all their earned wages upon termination including but not limited to, proper minimum wages and overtime compensation, either at the time of discharge or within seventy-two (72) hours of their leaving [Blommer's] employ," a reasonable interpretation of her claim is that the maximum statutory penalty—thirty (30) days' wages—applies to all Putative Class Members that were discharged or resigned during the applicable three-year statute of limitations.  (*See* Compl., ¶ 74.)  *See Lucas v. Michael Kors (USA), Inc.,* No. CV181608MWFMRWX, 2018 WL 2146403, at *9-10 (C.D. Cal. May 9, 2018) (finding that maximum 30-day penalty assumption is reasonable for removal purposes when it was alleged that all terminated employees suffered an incident of underpayment"); *Ramos v. Schenker, Inc.*, No. 5:18-cv-01551-JLS-KK, 2018 WL 5779978, at *2 (C.D. Cal. Nov. 1, 2018) ("Plaintiff's claim for waiting time penalties rests on a claim of unpaid overtime wages.  Fairly read, the complaint alleges that such wages are *still unpaid* across the putative class....  Plaintiff's allegations of unpaid wages are implicit allegations of maximum damages for waiting time penalties.") (emphasis in original).

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

44.     There are at least 167 Putative Class Members who have separated from their employment with Blommer within the applicable three-year statute of limitations, going back to August 18, 2017.   Therefore, under Plaintiff's theory of recovery, Blommer could be liable for **$983,224** under Labor Code § 203, based on a 30-day waiting time penalty, and conservatively assuming an average 10.6-hour workday for each of the Putative Class Members at their respectively base hourly rates of pay. (Castro Decl., ¶ 16, Exhibit E.)

45.     **Minimum Wage Claim.**  Plaintiff also alleges that Blommer failed to pay its non-exempt California employees minimum wages for hours worked for which Plaintiff claims that he and the Putative Class Members are entitled to allegedly unpaid minimum wages and liquidated damages equal to the amount of unpaid wages pursuant to California Labor Code §§ 1194,  1194.2, and 1197.   (Compl., ¶¶ 3-4, 36-39.) Specifically, Plaintiff alleges that Blommer "engaged in a systemic pattern of wage and hour violations," including by "[f]ailing to pay minimum wages for all hours worked."  (*Id.*, ¶ 3-4.)  Plaintiff further alleges that Blommer "regularly failed to pay at least minimum wage to Plaintiff and [the Putative] Class Members for all hours worked." (*Id.*, ¶ 37.)

46.     In California, employees are entitled to at least minimum wage for all hours worked.  *See* Cal. Lab. Code § 1194 and 1197.   Moreover, in any action to recover wages for the failure to pay minimum wages, "an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."   Cal. Lab. Code § 1194.2(a).   A four-year statute of limitations arguably applies to unpaid overtime claims enforced under the California Unfair Competition Law, and Plaintiff has alleged unpaid overtime claims under that law. (Compl., ¶¶ 80-82.); *see also* Cal. Bus. & Prof. Code § 17208.

47.     According to Plaintiff's February 12, 2021 letter, Plaintiff's claim that Blommer's non-exempt California employees were denied "at least minimum wages … for all hours worked" is allegedly the result of "Blommer's policy and practice of

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

requiring [its employees] to don and doff protective equipment while off-the-clock, both before clocking in and clocking out." (Compl., ¶ 37; Castro Decl., ¶ 5, Exhibit D.) Plaintiff further alleges that, "[d]uring this time, employees were under Blommer's control but were not being paid for this time Blommer required them to spend donning and doffing the equipment." (Castro Decl.,¶ 5, Exhibit D.) Given the time spent each day allegedly donning and doffing equipment, before clocking in and after clocking out, a conservative interpretation of his claim is that the Putative Class Members were not compensated for at least one hour of unpaid minimum wages per workweek during the relevant claim period. *See Soto v. Grief Packaging LLC*, 2018 WL 1224425, at *3 (C.D. Cal. Mar. 8, 2018) (finding as "conservative and reasonable" the calculation of unpaid minimum wages by using the lowest minimum wage rate during the relevant time period and assuming one hour of unpaid minimum wages per workweek"). Nonetheless, Blommer can establish the requisite amount in controversy through a much more conservative interpretation of Plaintiff's claim, which assumes only 30 minutes of alleged unpaid minimum wages **per workweek** (6-10 minutes per shift), at the California 2015 state minimum wage of $10.00 per hour[4], during the relevant claim period. (Castro Decl., ¶ 17, Exhibit E.)

48.    There were at least 30,527 workweeks worked by 313 Putative Class Members from August 18, 2016 through April 28, 2021. Therefore, under a conservative interpretation of Plaintiff's theory of recovery, Blommer could be liable for **$152,635** in unpaid wages under Labor Code §§ 1194 and 1197, based on 30 minutes of unpaid minimum wage per week for each of the 313 Putative Class Members calculated at $10.00 per hour for the Computation Period. (Castro Decl., ¶ 17, Exhibit E) Moreover, pursuant to Labor Code § 1194.2(a), Plaintiff could recover

---

[4] California's applicable minimum wage was $10.00 per hour as of January 1, 2016. *See* Cal. Dep't of Indus. Relations, www.dir.ca.gov/MinimumWageHistory.htm; *see also City of Sausalito v. O'Neil,* 386 F.3d 1186, 1223 n.2 (9th Cir. 2004) (judicial notice of state agency records).

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

liquidated damages in the amount equal to the unpaid minimum wages, which could conservatively increase the amount in controversy by double – i.e, an additional **$152,635**.  (*Id.*)

49.   **Inaccurate Wage Statements Claim.**   Plaintiff also alleges that Blommer failed to provide its non-exempt California employees with accurate wage statements.  (Compl., ¶¶ 3-4, 67-71.)   Specifically, Plaintiff alleges that Blommer "engaged in a systemic pattern of wage and hour violations," including by "[f]ailing to provide accurate itemized wage statements." (*Id.*, ¶ 3-4.)  Plaintiff further alleges that Blommer "failed to comply with Labor Code section 226(a) on wage statements that were provided to Plaintiff and the [Putative Class Members]," and that wage statements "fail[ed] to correctly state the gross and net wages earned, accurate inclusive dates of the pay period, and all applicable hourly rates in effect and the number of hours worked at each hourly rate by Plaintiff and [the Putative Class Members]."  (*Id.*, ¶ 67.)

50.   Labor Code section 226(e) provides for a statutory penalty for violations of Labor Code section 226(a)'s wage statement requirements of $50, or actual damages per employee, for the initial pay period in which a violation occurs, and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate amount of $4,000 per employee.  Cal. Lab. Code § 226(e).  A one-year statute of limitations arguably applies to statutory wage statement penalties.  Cal. Code Civ. Proc. § 340.

51.   There are at least 187 Putative Class Members who worked with Blommer within the applicable one-year statute of limitations, going back to August 18, 2019, with a total of approximately 11,162 pay periods worked given that Plaintiff and the Putative Class Members were paid on a weekly basis.  (Castro Decl., ¶ 18, Exhibit E)  Therefore, under Plaintiff's theory of recovery, Blommer could be liable for **$592,250** under Labor Code § 226, based on a calculation of $50 per employee for each alleged initial violation, and $100 for each subsequent pay period per period, up to a maximum of $4,000 per employee.  (Castro Decl., ¶ 18, Exhibit E)

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

52.    Using the aforementioned methodology, Blommer could be liable for **$4,420,925** based on Plaintiff's claims of rest period violations (1 violation per week), meal period violations (1 violation per week), unpaid overtime (1 hour per week), unpaid minimum wages (30 minutes per week at the lowest applicable minimum wage), liquidated damages (in the amount equal to the unpaid minimum wages), wage statement penalties, and waiting time penalties as applied to the Putative Class Members.[5]    This aggregate potential liability for these claims is broken down as follows:

| AMOUNT IN CONTROVERSY | |
|---|---|
| Rest Period Claim (1 x week) | $725,766 |
| Meal Period Claim (1 x week) | $725,766 |
| Unpaid Overtime Claim (1 hr x week) | $1,088,649 |
| Waiting Time Penalties | $983,224 |
| Minimum Wages (30 min x week) | $152,635 |
| Liquidated Damages (30 min x week) | $152,635 |
| Wage Statement Penalties | $592,250 |
| **TOTAL** | **$4,420,925** |

(*Id.*, ¶ 19.)

53.    **Attorneys' Fees.** In addition, Plaintiff seeks "reasonable attorneys' fees." (Compl., Prayer For Relief, at pp. 15-16.)  Plaintiff's potential recovery of attorneys' fees can properly be included in calculating the amount in controversy, and such

---

[5] If just the alleged rest period and meal period violations were increased to twice per week, respectively, the amount in controversy is at least **$730,340,571**. (Castro Decl., ¶ 22, Exhibit E.)  Therefore, Blommer can easily demonstrate and exceed the requisite threshold.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

awards are commonly in the 25% to 33% range of an award to the class.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (holding that attorneys' fees may be included when calculating the amount in controversy); *Fritsch v. Swift Transp. Co. of Arizona*, 899 F.3d 785, 794 (9th Cir. 2018) (holding that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met"); *see also Ramos*, 2018 WL 5779978, at *3 (noting that "'[w]hen including attorneys' fees within the amount-in-controversy for jurisdictional purposes, courts in this circuit consistently use the 25% benchmark rate,' especially in wage and hour class actions like this one where fee awards at settlement typically require court approval") (internal citations omitted).

54.    Thus, the inclusion of Plaintiff's potential attorneys' fees could add another **$1,105,231** [calculating at 25% of a potential recovery of **$4,420,925** for the rest period, meal period, unpaid overtime, minimum wage, wage statement, and waiting time penalty claims] or more to the total amount in controversy.  (Castro Decl., ¶ 20.)  The addition of attorneys' fees to aggregate potential liability for alleged rest period violations, meal period violations, unpaid overtime violations, and waiting time penalties exceeds CAFA's $5 million dollar jurisdictional requirement – i.e., $4,420,925 (alleged rest period, meal period, unpaid overtime, minimum wage, and wage statement, and waiting time penalty damages) + $1,105,231 (attorneys' fees) = **$5,526,156**. (*Id.*, ¶ 21.)

55.    **Exclusion of Additional Claims and Allegations.**  Blommer calculated the foregoing potential liabilities of $5,526,156 based on the allegations contained in Plaintiff's Complaint, but excluded any potential liabilities arising from Plaintiff's alleged failure to calculate overtime at the proper rate, among other alleged violations underlying Plaintiff's UCL claim and other putative class claims.  These excluded potential liabilities would serve to increase the amount in controversy.  Notwithstanding these excluded potential liabilities, Defendant has clearly demonstrated that the potential amount put in controversy by Plaintiff in his Complaint

is at least **$5,526,156**, and thus exceeds the $5,000,000 jurisdictional minimum under CAFA.[6]  (Castro Decl., ¶ 21.)

56.     In sum, through Blommer's own investigation and calculations as set forth herein, a preponderance of the evidence supports removal of this matter because CAFA jurisdiction has been established.

## NOTICE TO PLAINTIFF

57.     In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel and filed with the Clerk for the Superior Court of the State of California in and for the County of Alameda.

**WHEREFORE**, for all of the foregoing reasons, Defendant hereby removes the State Court Action now pending in the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California.

Dated: April 30, 2021                    HOLLAND & KNIGHT LLP


                                         _/s/ Christina T. Tellado_
                                         Christina T. Tellado
                                         Deisy Castro

                                         Attorneys for Defendant
                                         BLOMMER CHOCOLATE COMPANY

---

[6] Again, Blommer provides these calculations solely to establish that the amount in controversy exceeds the jurisdictional minimum.  Blommer makes no admissions of liability and denies Plaintiff's right to recovery with respect to any aspect of the case.  Moreover, Blommer does not concede nor waive its right to object to the inclusion of any potential liabilities arising from Plaintiff's additional allegations, including failure to pay overtime at the correct rate, for purposes of determining damages.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450