EXHIBIT "A"

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
ALAMEDA COUNTY

FEB 16 2021

CLERK OF THE SUPERIOR COURT
By _____ TANIA PIERCE
Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BLOMMER CHOCOLATE COMPANY; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JON THEADORE, individually and on behalf of all others similarly situated,

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| Superior Court of the State of California, County of Alameda<br>1225 Fallon Street, Oakland, CA 94612 | RG21089219 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jessica L. Campbell, AEGIS LAW FIRM, P.C., 9811 Irvine Center Drive, Suite 100, Irvine, CA 92618, 949-379-6250

| DATE:<br>*(Fecha)* | FEB 16 2021 | Chad Finke | Clerk, by<br>*(Secretario)* | TANIA PIERCE | Deputy<br>*(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

FAXED

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

1   **AEGIS LAW FIRM, PC**
    KASHIF HAQUE, State Bar No. 218672
2   SAMUEL A. WONG, State Bar No. 217104
    JESSICA L. CAMPBELL, State Bar No. 280626
3   9811 Irvine Center Drive, Suite 100
    Irvine, California 92618
4   Telephone: (949) 379-6250
    Facsimile:  (949) 379-6251
5   Email: Jcampbell@aegislawfirm.com

6   Attorneys for Plaintiff Jon Theadore,
7   individually and on behalf of all others similarly situated

ENDORSED
FILED
ALAMEDA COUNTY

FEB 16 2021

CLERK OF THE SUPERIOR COURT
By ——— TANIA PIERCE

8

9

10

11              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

12                  **FOR THE COUNTY OF ALAMEDA**

13

14   JON THEADORE, individually and on        Case No. RG21089219
     behalf of all others similarly situated,
15                                            **CLASS ACTION COMPLAINT FOR:**
16                      Plaintiff,
                                               1.  Failure to Pay Minimum Wages;
17          vs.
                                               2.  Failure to Pay Overtime Wages;
18   BLOMMER CHOCOLATE COMPANY;
     and DOES 1 through 20, inclusive,         3.  Failure to Provide Meal Periods;
19
                       Defendants.             4.  Failure to Permit Rest Breaks;
20
                                               5.  Failure to Provide Accurate Itemized Wage
21                                                 Statements;
22
                                               6.  Failure to Pay All Wages Due Upon
23                                                 Separation of Employment; and
24
                                               7.  Violation of Business and Professions
25                                                 Code §§ 17200, *et seq.*
26
                                              **DEMAND FOR JURY TRIAL**
27

28

Plaintiff Jon Theadore, individually and on behalf of others similarly situated, alleges as follows:

## NATURE OF ACTION AND INTRODUCTORY STATEMENT

1.     Plaintiff Jon Theadore ("Plaintiff") brings this putative class action against defendants Blommer Chocolate Company; and DOES 1 through 20, inclusive ("Defendants"), on behalf of himself individually and a putative class of non-exempt employees employed by Defendants throughout California.

2.     Defendants are in the business of preparing chocolate to be sold.

3.     Through this action, Plaintiff alleges that Defendants have engaged in a systematic pattern of wage and hour violations under the California Labor Code and Industrial Welfare Commission ("IWC") Wage Orders, all of which contribute to Defendants' deliberate unfair competition.

4.     Plaintiff is informed and believes, and thereon alleges, that Defendants have increased their profits by violating state wage and hour laws by, among other things:

(a) Failing to pay minimum wages for all hours worked;

(b) Failing to pay overtime wages at the proper rates;

(c) Failing to provide meal periods or compensation in lieu thereof;

(d) Failing to authorize or permit rest breaks or provide compensation in lieu thereof;

(e) Failing to provide accurate itemized wage statements; and

(f) Failing to pay all wages due upon separation of employment.

5.     Plaintiff brings this lawsuit seeking monetary relief against Defendants on behalf of himself and all others similarly situated in California to recover, among other things, unpaid wages and benefits, interest, attorneys' fees, costs and expenses and penalties pursuant to Labor Code §§ 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 1182.12, 1194, 1194.2, 1197, and 1198.

## JURISDICTION AND VENUE

6.     This is a class action, pursuant to California Code of Civil Procedure § 382. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdictional limits

-1-

1   of the Superior Court and will be established according to proof at trial.

2       7.    This Court has jurisdiction over this action pursuant to the California

3   Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all

4   causes except those given by statutes to other courts. The statutes under which this action is

5   brought do not specify any other basis for jurisdiction.

6       8.    This Court has jurisdiction over all Defendants because, upon information and

7   belief, they are citizens of California, have sufficient minimum contacts in California or

8   otherwise intentionally avail themselves of the California market so as to render the exercise of

9   jurisdiction over them by the California courts consistent with traditional notions of fair play

10   and substantial justice.

11       9.    Venue is proper in this Court because, upon information and belief, Defendants

12   reside, transact business or have offices in this county, or the acts and omissions alleged herein

13   took place in this county.

14                    **THE PARTIES**

15       10.    Plaintiff is a citizen of California. Plaintiff was employed by Defendants during

16   the Class Period in California.

17       11.    Plaintiff is informed and believes, and thereon alleges, that Defendants at all

18   times hereinafter mentioned, were and are employers as defined in and subject to the Labor

19   Code and IWC Wage Orders, whose employees were and are engaged throughout this county

20   and the State of California.

21       12.    Plaintiff is unaware of the true names or capacities of the defendants sued herein

22   under the fictitious names DOES 1 through 20, but will seek leave of this Court to amend this

23   Complaint and serve such fictitiously named defendants once their names and capacities

24   become known.

25       13.    Plaintiff is informed and believes, and thereon alleges, that each defendant acted

26   in all respects pertinent to this action as the agent of the other defendant, carried out a joint

27   scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant

28   are legally attributable to the other defendant. Furthermore, defendants in all respects acted as

1   the employer and/or joint employer of Plaintiff and the class members.

2       14.     Plaintiff is informed and believes, and thereon alleges, that each and all of the

3   acts and omissions alleged herein were performed by, or are attributable to, Defendants and/or

4   DOES 1 through 20, acting as the agent or alter ego for the other, with legal authority to act on

5   the other's behalf.  The acts of any and all Defendants were in accordance with, and represent,

6   the official policy of Defendants.

7       15.     At all relevant times, Defendants, and each of them, acted within the scope of

8   such agency or employment, or ratified each and every act or omission complained of herein.

9   At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of

10  each and all the other Defendants in proximately causing the damages herein alleged.

11      16.     Plaintiff is informed and believes, and thereon alleges, that each of said

12  Defendants is in some manner intentionally, negligently or otherwise responsible for the acts,

13  omissions, occurrences and transactions alleged herein.

14                         **CLASS ACTION ALLEGATIONS**

15      17.     Plaintiff brings this action under Code of Civil Procedure § 382 on behalf of

16  himself and all others similarly situated who were affected by Defendants' Labor Code,

17  Business and Professions Code §§ 17200 and IWC Wage Order violations.

18      18.     All claims alleged herein arise under California law for which Plaintiff seeks

19  relief authorized by California law.

20      19.     Plaintiff's proposed Class consists of and is defined as follows:

21          Class
22          All California citizens currently or formerly employed as non-exempt employees
            by Defendants in the State of California at any time between August 18, 2016[1]
23          and the date of class certification.

24  20.     Plaintiff also seeks to certify the following Subclass of employees:

25          Waiting Time Subclass
            All members of the Class who separated their employment from Defendants at
26          any time between August 18, 2017 and the date of class certification.

27  [1] The statute of limitations for this matter was tolled between April 6, 2020 and October 1, 2020
    pursuant to Cal. Rules of Court, Appendix I, Emergency Rule No. 9.
28

-3-

21.     Members of the Class and Subclass described above will be collectively referred to as "class members." Plaintiff reserves the right to establish other or additional subclasses, or modify any Class or Subclass definition, as appropriate based on investigation, discovery and specific theories of liability.

22.     This action has been brought and may properly be maintained as a class action under the California Code of Civil Procedure § 382 because there are common questions of law and fact as to the Class that predominate over questions affecting only individual members including, but not limited to:

(a) Whether Defendants paid Plaintiff and class members at least the minimum wage for all hours worked;

(b) Whether Defendants paid Plaintiff and class members overtime compensation at the correct rate for all overtime hours worked;

(c) Whether Defendants deprived Plaintiff and class members of timely meal periods;

(d) Whether Defendants deprived Plaintiff and class members of rest breaks;

(e) Whether Defendants failed to timely pay Plaintiff and former class members all wages due upon termination or within 72 hours of resignation;

(f) Whether Defendants failed to furnish Plaintiff and class members with accurate, itemized wage statements; and

(g) Whether Defendants engaged in unfair business practices in violation of Business & Professions Code §§ 17200, *et seq*.

23.     There is a well-defined community of interest in this litigation and the Class is readily ascertainable:

(a)     Numerosity: The members of the Class are so numerous that joinder of all members is impractical. Although the members of the Class are unknown to Plaintiff at this time, on information and belief, the Class is estimated to be greater than 100 individuals. The identity of the class members are readily ascertainable by inspection of Defendants' employment and payroll records.

-4-

(b) <u>Typicality</u>:  The claims (or defenses, if any) of Plaintiff are typical of the claims (or defenses, if any) of the Class because Defendants' failure to comply with the provisions of California wage and hour laws entitled each class member to similar pay, benefits and other relief. The injuries sustained by Plaintiff are also typical of the injuries sustained by the Class because they arise out of and are caused by Defendants' common course of conduct as alleged herein.

(c) <u>Adequacy</u>: Plaintiff is qualified to, and will fairly and adequately represent and protect the interests of all members of the Class because it is in his best interest to prosecute the claims alleged herein to obtain full compensation and penalties due to him and the Class. Plaintiff's attorneys, as proposed class counsel, are competent and experienced in litigating large employment class actions and are versed in the rules governing class action discovery, certification and settlement. Plaintiff has incurred and, throughout the duration of this action, will continue to incur attorneys' fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d) <u>Superiority</u>: The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for each Class. If appropriate this Court can, and is empowered to, fashion methods to efficiently manage this case as a class action.

(e) <u>Public Policy Considerations</u>:  Employers in the State of California and other states violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions

-5-

because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as affording them privacy protections.

## GENERAL ALLEGATIONS

24. At all relevant times mentioned herein, Defendants employed Plaintiff and other persons as non-exempt employees.

25. Plaintiff was employed in a non-exempt position at Defendants' California business location(s).

26. Defendants continue to employ non-exempt employees within California.

27. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers, employees and other professionals who were knowledgeable about California's wage and hour laws, employment and personnel practices and the requirements of California law.

28. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive wages for all time worked (including minimum wages and overtime wages) and that they were not receiving all wages earned for work that was required to be performed. In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members were not paid all wages (including minimum wages and overtime wages) for all hours worked at the correct rate.

29. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive all required meal periods or payment of one (1) additional hour of pay at Plaintiff and class members' regular rate of pay when they did not receive a timely meal period. In violation of the Labor Code and IWC Wage Orders, Plaintiff and class members did not receive all timely meal periods or payment of one (1) additional hour of pay at Plaintiff and class members' regular rate of pay when they did not receive a timely meal period.

30.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff and class members' regular rate of pay when a rest break was missed.  In violation of the Labor Code and IWC Wage Orders, Plaintiff and class members did not receive all rest breaks or payment of one (1) additional hour of pay at Plaintiff and class members' regular rate of pay when a rest break was missed.

31.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and class members were entitled to receive itemized wage statements that accurately showed their gross and net wages earned, inclusive dates of pay periods, employer name and address, total hours worked and all applicable hourly rates in effect and the number of hours worked at each hourly rate in accordance with California law. In violation of the Labor Code, Plaintiff and class members were not provided with accurate itemized wage statements.

32.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Waiting Time Subclass members were entitled to timely payment of wages due upon separation of employment.  In violation of the Labor Code, Plaintiff and Waiting Time Subclass members did not receive payment of all wages within permissible time periods.

33.     Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known they had a duty to compensate Plaintiff and class members, and Defendants had the financial ability to pay such compensation but willfully, knowingly and intentionally failed to do so all in order to increase Defendants' profits.

## FIRST CAUSE OF ACTION

## <u>FAILURE TO PAY MINIMUM WAGES</u>

**(Violation of Labor Code §§ 1182.12, 1194, 1194.2, and 1197; Violation of Wage Order)**

34.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

35.     Labor Code §§ 1194 and 1197 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

36.     During the relevant time period, Defendants paid Plaintiff and Class Members less than minimum wages when they failed to pay proper compensation for all hours worked. To the extent these hours do not qualify for the payment of overtime, Plaintiff and Class Members were not being paid at least the lawful minimum wage for their work.

37.     During the relevant time period, Defendants regularly failed to pay at least minimum wage to Plaintiff and Class Members for all hours worked pursuant to Labor Code §§ 1194 and 1197.

38.     Defendants' failure to pay Plaintiff and Class Members the required minimum wage violates Labor Code §§ 1194 and 1197. Pursuant to these sections, Plaintiff and Class Members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorneys' fees.

39.     Pursuant to Labor Code § 1194.2, Plaintiff and Class Members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and the accrued interest thereon.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES

**(Violation of Labor Code §§ 510, 1194 and 1198; Violation of IWC Wage Order § 3)**

40.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

41.     Labor Code § 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one and one-half or two times the person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

42.     Pursuant to California Labor Code §§ 510 and 1194, during the relevant time period, Defendants were required to compensate Plaintiff and class members for all overtime

-8-

1   hours worked, calculated at one and one-half (1½) times the regular rate of pay for hours

2   worked in excess of eight (8) hours per day and/or forty (40) hours per week and for the first

3   eight (8) hours of the seventh consecutive work day, with double time after eight (8) hours on

4   the seventh day of any work week, or after twelve (12) hours in any work day.

5        43.    Plaintiff and class members were non-exempt employees entitled to the

6   protections of California Labor Code §§ 510 and 1194.

7        44.    During the relevant time period, Defendants required Plaintiff and Class

8   Members to work in excess of eight (8) hours in a day, forty (40) hours in a week, and/or for a

9   seventh consecutive day in a workweek without paying Plaintiff and Class Members overtime

10  wages for their work at the correct rate.

11       45.    During the relevant time period, Defendants failed to pay Plaintiff and Class

12  Members overtime wages for all overtime hours worked when Plaintiff and Class Members

13  worked in excess of eight (8) hours in a day, forty (40) hours in a week and/or for a seventh

14  consecutive day of work in a workweek, or when Plaintiff and Class Members worked in

15  excess of twelve (12) hours in a day and/or in excess of eight (8) hours on the seventh day of

16  work in a work week.

17       46.    In violation of state law, Defendants have knowingly and willfully refused to

18  perform their obligations and compensate Plaintiff and class members for all wages earned as

19  alleged above.

20       47.    Defendants' failure to pay Plaintiff and class members the unpaid balance of

21  overtime compensation, as required by California law, violates the provisions of Labor Code §§

22  510 and 1198, and is therefore unlawful.

23       48.    Pursuant to Labor Code § 1194, Plaintiff and class members are entitled to

24  recover their unpaid overtime compensation as well as interest, costs and attorneys' fees.

25               **THIRD CAUSE OF ACTION**

26            **FAILURE TO PROVIDE MEAL PERIODS**

27     **(Violation of Labor Code §§ 226.7 and 512; Violation of IWC Wage Order § 11)**

28       49.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

-9-

1    though fully set forth herein.

2        50.    Labor Code § 226.7 provides that no employer shall require an employee to work

3    during any meal period mandated by the IWC Wage Orders.

4        51.    Section 11 of the applicable IWC Wage Order states, "no employer shall employ

5    any person for a work period of more than five (5) hours without a meal period of not less than

6    30 minutes, except that when a work period of not more than six (6) hours will complete the

7    day's work the meal period may be waived by mutual consent of the employer and the

8    employee."

9        52.    Labor Code § 512(a) provides that an employer may not require, cause or permit

10   an employee to work for a period of more than five (5) hours per day without providing the

11   employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if

12   the total work period per day of the employee is not more than six (6) hours, the meal period

13   may be waived by mutual consent of both the employer and the employee.

14       53.    Labor Code § 512(a) also provides that an employer may not employ an

15   employee for a work period of more than ten (10) hours per day without providing the employee

16   with a second meal period of not less than thirty (30) minutes, except that if the total hours

17   worked is no more than twelve (12) hours, the second meal period may be waived by mutual

18   consent of the employer and the employee only if the first meal period was not waived.

19       54.    During the relevant time period, Plaintiff and class members did not receive

20   compliant meal periods for each five hours worked per day.

21       55.    Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require

22   an employer to pay an employee one additional hour of pay at the employee's regular rate of

23   compensation for each work day that a meal period is not provided.

24       56.    At all relevant times, Defendants failed to pay Plaintiff and class members meal

25   period premiums for meal period violations pursuant to Labor Code § 226.7(b) and section 11

26   of the applicable IWC Wage Order.

27       57.    As a result of Defendants' failure to pay Plaintiff and class members an

28   additional hour of pay for each day a meal period was not provided, Plaintiff and class members

-10-

1    suffered and continue to suffer a loss of wages and compensation.

2                            **FOURTH CAUSE OF ACTION**

3                        <u>**FAILURE TO PERMIT REST BREAKS**</u>

4              **(Violation of Labor Code §§ 226.7; Violation of IWC Wage Order § 12)**

5              58.      Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

6    though fully set forth herein.

7              59.      Labor Code § 226.7(a) provides that no employer shall require an employee to

8    work during any rest period mandated by the IWC Wage Orders.

9              60.      Section 12 of the applicable IWC Wage Order states "every employer shall

10   authorize and permit all employees to take rest periods, which insofar as practicable shall be in

11   the middle of each work period" and the "authorized rest period time shall be based on the total

12   hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major

13   fraction thereof" unless the total daily work time is less than three and one-half (3½) hours.

14             61.      During the relevant time period, Plaintiff and class members did not receive a ten

15   (10) minute rest period for every four (4) hours or major fraction thereof worked.

16             62.      Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order

17   requires an employer to pay an employee one additional hour of pay at the employee's regular

18   rate of compensation for each work day that the rest period is not provided.

19             63.      At all relevant times, Defendants failed to pay Plaintiff and class members rest

20   period premiums for rest period violations pursuant to Labor Code § 226.7(b) and section 12 of

21   the applicable IWC Wage Order.

22             64.      As a result of Defendants' failure to pay Plaintiff and class members an

23   additional hour of pay for each day a rest period was not provided, Plaintiff and class members

24   suffered and continue to suffer a loss of wages and compensation.

25                            **FIFTH CAUSE OF ACTION**

26        <u>**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**</u>

27                        **(Violation of Labor Code § 226)**

28             65.      Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

                                          -11-

though fully set forth herein.

66.   Labor Code § 226(a) requires Defendants to provide each employee with an accurate wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

67.   During the relevant time period, Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff and class members.  The deficiencies include, among other things, the failure to correctly state the gross and net wages earned, accurate inclusive dates of the pay period, and all applicable hourly rates in effect and the number of hours worked at each hourly rate by Plaintiff and class members.

68.   As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and class members have suffered injury and damage to their statutorily protected rights. Specifically, Plaintiff and class members have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under California Labor Code § 226(a).  Plaintiff has had to file this lawsuit in order to determine the extent of the underpayment of wages, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had Defendants provided the accurate wages earned. This has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

-12-

69.     California Labor Code § 226(a) requires an employer to pay the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, plus attorney's fees and costs, to each employee who was injured by the employer's failure to comply with California Labor Code § 226(a).

70.     Defendants' violations of California Labor Code § 226(a) prevented Plaintiff and class members from knowing, understanding and disputing the wages paid to them, and resulted in an unjustified economic enrichment to Defendants. As a result of Defendants' knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiff and class members have suffered an injury, and the exact amount of damages and/or penalties is all in an amount to be shown according to proof at trial.

71.     Plaintiff and class members are also entitled to injunctive relief under California Labor Code § 226(h), compelling Defendants to comply with California Labor Code § 226, and seek the recovery of attorneys' fees and costs incurred in obtaining this injunctive relief.

**SIXTH CAUSE OF ACTION**

**FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT AND**

**WITHIN THE REQUIRED TIME**

**(Violation of Labor Code §§ 201, 202 and 203)**

72.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

73.     California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

74.     During the relevant time period, Defendants willfully failed to pay Plaintiff and Waiting Time Subclass members all their earned wages upon termination including, but not

-13-

1   limited to, proper minimum wages and overtime compensation, either at the time of discharge
2   or within seventy-two (72) hours of their leaving Defendants' employ.

3        75.    Defendants' failure to pay Plaintiff and Waiting Time Subclass members all
4   their earned wages at the time of discharge or within seventy-two (72) hours of their leaving
5   Defendants' employ is in violation of Labor Code §§ 201 and 202.

6        76.    California Labor Code § 203 provides that if an employer willfully fails to pay
7   wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201
8   and 202, then the wages of the employee shall continue as a penalty from the due date at the
9   same rate until paid or until an action is commenced; but the wages shall not continue for more
10  than thirty (30) days.

11       77.    Plaintiff and Waiting Time Subclass members are entitled to recover from
12  Defendants the statutory penalty which is defined as Plaintiff's and Waiting Time Subclass
13  members' regular daily wages for each day they were not paid, at their regular hourly rate of
14  pay, up to a thirty (30) day maximum pursuant to Labor Code § 203.

15  **SEVENTH CAUSE OF ACTION**
16  **VIOLATION OF BUSINESS AND PROFESSIONS CODE §§ 17200, _ET SEQ._**

17       78.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as
18  though fully set forth herein.

19       79.    Defendants' conduct, as alleged herein, has been and continues to be unfair,
20  unlawful and harmful to Plaintiff and class members. Plaintiff seek to enforce important rights
21  affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

22       80.    Defendants' activities, as alleged herein, violate California law and constitute
23  unlawful business acts or practices in violation of California Business and Professions Code
24  §§ 17200, _et seq._

25       81.    A violation of Business and Professions Code §§ 17200, _et seq._ may be
26  predicated on the violation of any state or federal law.

27       82.    Defendants' policies and practices have violated state law in at least the
28  following respects:

-14-

    (a)    Failing to pay at least the minimum wage to Plaintiff and class members in violation of Labor Code §§ 1182.12, 1194, 1194.2, and 1197;

    (b)    Failing to pay all overtime wages at the proper rate to Plaintiff and class members in violation of Labor Code §§ 510, 1194 and 1198;

    (c)    Failing to provide timely meal periods without paying Plaintiff and class members premium wages for every day said meal periods were not provided in violation of Labor Code §§ 226.7 and 512;

    (d)    Failing to authorize or permit rest breaks without paying Plaintiff and class members premium wages for every day said rest breaks were not authorized or permitted in violation of Labor Code § 226.7;

    (e)    Failing to provide Plaintiff and class members with accurate itemized wage statements in violation of Labor Code § 226; and

    (e)    Failing to timely pay all earned wages to Plaintiff and Waiting Time Subclass members upon separation of employment in violation of Labor Code §§ 201, 202 and 203.

83.    Defendants intentionally avoided paying Plaintiff and class members' wages and monies, thereby creating for Defendants an artificially lower cost of doing business in order to undercut their competitors and establish and gain a greater foothold in the marketplace.

84.    Pursuant to Business and Professions Code §§ 17200, *et seq.* Plaintiff and class members are entitled to restitution of the wages unlawfully withheld and retained by Defendants during a period that commences four years prior to the filing of the Complaint; an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable laws; and an award of costs.

## **PRAYER FOR RELIEF**

Plaintiff, on his own behalf and on behalf of all others similarly situated, pray for relief and judgment against Defendants, jointly and severally, as follows:

1.    For certification of this action as a class action, including certifying the Class and Subclass alleged by Plaintiff;

-15-

2.      For appointment of Jon Theadore as the class representatives;

3.      For appointment of Aegis Law Firm, PC as class counsel for all purposes;

4.      For compensatory damages in an amount according to proof with interest thereon;

5.      For economic and/or special damages in an amount according to proof with interest thereon;

6.      For reasonable attorneys' fees, costs of suit and interest to the extent permitted by law, including pursuant to Code of Civil Procedure § 1021.5 Labor Code §§ 226(e) and 1194;

7.      For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and IWC Wage Orders;

8.      For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

9.      For an order requiring Defendants to restore and disgorge all funds to each employee acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §§ 17200, *et seq.*;

10.     For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, benefits and penalties, including interest thereon;

11.     For pre-judgment interest; and

12.     For such other relief as the Court deems just and proper.

Dated: February 12, 2021              **AEGIS LAW FIRM, PC**

                                By: _____
                                          Jessica L. Campbell
                                          Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

-16-

Dated: February 12, 2021

**AEGIS LAW FIRM, PC**

By: _____
Jessica L. Campbell
Attorneys for Plaintiff

CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jessica L. Campbell, Esq. SBN 280626<br>AEGIS LAW FIRM, P.C.<br>9811 Irvine Center Drive, Suite 100<br>Irvine, CA 92618<br>TELEPHONE NO.: 949.379.6250    FAX NO.: 949.379.6251<br>ATTORNEY FOR *(Name):* Plaintiff Jon Theadore | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br>FEB 16 2021<br>CLERK OF THE SUPERIOR COURT<br>By TANIA PIERCE<br>Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Jon Theadore v. Blommer Chocolate Company, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | RG21089219<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence       f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):*  Seven
5. This case ☑ is  ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 12, 2021

Jessica L. Campbell
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on **all** parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: | Case Number: |
|---|---|
| Jon Theadore v. Blommer Chocolate Company, et al. | |

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE
### SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

[X] Oakland, Rene C. Davidson Alameda County Courthouse (446)

[ ] Hayward Hall of Justice (447)

[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case?  [ ] yes  [ ] no** | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (G) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [X] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial     **Is the deft. in possession** |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential     **of the property?** |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs     **[ ] Yes   [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq)  [ ] Yes  [ ] No** | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)

A-13



## Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

---

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

---

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial.  You may choose ADR by:

- Indicating your preference on Case Management Form CM-110;

- Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or

- Agree to ADR at your Initial Case Management Conference.

**QUESTIONS?**  Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
Or visit the court's website at http://www.alameda.courts.ca.gov/adr

---

### What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  - **Court Mediation Program**:  Mediators do not charge fees for the first two hours of mediation.  If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

   o   **Private Mediation**: This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

   o   **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

   o   **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA  94702-1612
Telephone: (510) 548-2377     Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – **S**ervices that **E**ncourage **E**ffective **D**ialogue and **S**olution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA  94550
Telephone: (925) 373-1035     Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA  94607
Telephone: (510) 768-3100     Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

**ALA ADR-001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | |

**SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY**

STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | CASE NUMBER: |
|---|---|

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 24405 Amador Street, Hayward, CA 94544 or Fax to (510) 267-5727.

1. Date complaint filed: _____. An **Initial Case Management Conference** is scheduled for:

   Date:                          Time:                          Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process (check one):

   ☐ Court mediation            ☐ Judicial arbitration
   ☐ Private mediation          ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ▶ _____
        (TYPE OR PRINT NAME)                         (SIGNATURE OF PLAINTIFF)

Date:

_____          ▶ _____

| Form Approved for Mandatory Use <br> Superior Court of California, <br> County of Alameda <br> ALA ADR-001 [New January 1, 2010] | **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | Cal. Rules of Court, <br> rule 3.221(a)(4) |
|---|---|---|

(TYPE OR PRINT NAME)                          (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

**ALA ADR-001**

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF DEFENDANT)

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

Aegis Law Firm, PC
Attn: Campbell, Jessica L
9811 Irvine Center Drive, Suite 100
Irvine, CA   92618

Blommer Chocolate Company

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

Theadore

Plaintiff/Petitioner(s)

VS.

Blommer Chocolate Company

Defendant/Respondent(s)
(Abbreviated Title)

No. RG21089219

NOTICE OF HEARING

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 04/13/2021    TIME: 03:00 PM   DEPARTMENT: 23
LOCATION: Administration Building, Fourth Floor
          1221 Oak Street, Oakland

Case Management Conference:
DATE: 05/11/2021    TIME: 03:00 PM   DEPARTMENT: 23
LOCATION: Administration Building, Fourth Floor
          1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6939. Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions. Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to **Direct Calendar Departments** at

**http://apps.alameda.courts.ca.gov/domainweb.**

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  03/03/2021                    Chad Finke  Executive Officer / Clerk of the Superior Court

                                      By _____
                                                                    Deputy Clerk

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

        Executed on 03/04/2021.

                                      By _____
                                                                    Deputy Clerk

Aegis Law Firm, PC       Blommer Chocolate Company
Attn:  Campbell, Jessica L
9811 Irvine Center Drive, Suite 100
Irvine, CA   92618

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

---

| | |
|---|---|
| Theadore<br><br>        Plaintiff/Petitioner(s)<br><br>VS.<br><br><br>Blommer Chocolate Company<br>       Defendant/Respondent(s)<br>    (Abbreviated Title) | No. <u>RG21089219</u><br><br>Order<br><br>Complaint - Other Employment |

The Complaint - Other Employment was set for hearing on 04/13/2021 at 03:00 PM in Department 23 before the Honorable Brad Seligman.  The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

Case continued to 03:00 PM on 05/04/2021 in Department 23, Complex Determination Hearing, Administration Building, 1221 Oak Street, Oakland.

Dated:  04/13/2021

_____
CourtroomClerk Jhalisa Castaneda

---

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| **Theadore** | **No. RG21089219** |
| Plaintiff/Petitioner(s) | |
| **VS.** | **Minutes** |
| **Blommer Chocolate Company** | |
| Defendant/Respondent(s) | |
| **(Abbreviated Title)** | |

Department    23                       Honorable   Brad Seligman          , Judge

Cause called for: Complex Determination Hearing on April 13, 2021.

Case continued to 03:00 PM on 05/04/2021 in Department 23, Complex Determination Hearing, Administration Building, 1221 Oak Street, Oakland.

Minutes of     04/13/2021
Entered on     04/13/2021

Chad Finke  Executive Officer / Clerk of the Superior Court

By

digital

Deputy Clerk

**Minutes**

M14399700